IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC ANDREW BARGER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SUPERINTENDENT HAINESWORTH, )<br>THE ATTORNEY GENERAL OF THE )<br>STATE OF PENNSYLVANIA, and )<br>DISTRICT ATTORNEY OF )<br>WESTMORELAND COUNTY, )<br>)<br>Respondents. ) | Civil Action No. 20-1633<br><br>District Judge W. Scott Hardy<br>Magistrate Judge Maureen P. Kelly |

**MEMORANDUM ORDER**

This matter comes before the Court upon Petitioner Mark Andrew Barger's ("Barger") objections (Docket No. 21) to the Report and Recommendation ("R&R") (Docket No. 20) entered by United States Magistrate Judge Maureen P. Kelly on January 10, 2024. The R&R recommends that Barger's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition") (Docket No. 1) be denied, and that no certificate of appealability be issued. (Docket No. 20 at 1, 16-17). Service of the R&R was made on Barger via U.S. Mail. (*Id.* at 17 and Docket text entry). The R&R informed the parties that objections to same were due by January 29, 2024. (*Id.* at 17 and Docket text entry). Barger filed his objections to the R&R on January 30, 2024. (Docket No. 21). The Petition is ripe for disposition.

In his Petition, deemed to have been initiated on October 21, 2020, Barger seeks federal habeas relief from his 2010 convictions in the Court of Common Pleas of Westmoreland County, Pennsylvania, at Case No. CP-65-CR-0001296-2008. (Docket No. 1; Docket No. 20 at 1, 7). In that case, Barger was convicted by a jury of rape, sexual assault, statutory sexual assault, attempted rape by forceable compulsion, two counts of involuntary deviate sexual intercourse, two counts of

indecent assault, endangering the welfare of children, and incest.  (Docket No. 20 at 1-2).  On March 4, 2011, Barger was sentenced to an aggregate term of confinement of 30 to 60 years.  (*Id.* at 2).

Barger raises four grounds for federal habeas relief in his Petition.  (Docket No. 1).  First, he argues that the trial court violated the Confrontation Clause of both the State and United States Constitutions by limiting the evidence presented to the jury.  (*Id.* at 5).  Second, Barger argues that the court-appointed counsel for the first post-conviction collateral proceeding was ineffective for failing to raise an *Alleyne*[1] claim.  (*Id.* at 7).  Third, Barger argues that his right to have a jury decide all elements of an offense was violated.  (*Id.* at 8).  Fourth, Barger argues actual innocence, a gateway claim.  (*Id.* at 10).  In the R&R, however, Judge Kelly recommends a finding that all of Barger's grounds for relief are untimely because his Petition was not timely filed within the applicable statute of limitations.

As Judge Kelly noted in the R&R, the first consideration when reviewing a federal habeas corpus petition is whether the petition was timely filed within the applicable statute of limitations.  (Docket No. 20 at 9).  In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), which generally established a strict one-year statute of limitations for the filing of habeas petitions pursuant to Section 2254.  (*Id.*).  Specifically,  pursuant to the AEDPA:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1]    *See Alleyne v. United States*, 570 U.S. 99 (2013).

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Additionally, the Third Circuit has held that the statute of limitations set out in Section 2244(d) must be applied on a claim-by-claim basis. *See Fielder v. Varner*, 379 F.3d 113, 122 (3d Cir. 2004), *cert. denied sub nom. Fielder v. Lavan*, 543 U.S. 1067 (2005). A federal court must undertake a three-part inquiry in analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period. *See Munchinski v. Wilson*, 807 F. Supp. 2d 242, 263 (W.D. Pa. 2011), *aff'd*, 694 F.3d 308 (3d Cir. 2012) (citing *Nara v. Frank*, No. 99-5, 2004 WL 825858, at \*3 (W.D. Pa. Mar. 10, 2024)). First, the court must determine the "trigger" date for each claim raised in the petition, which is typically the date on which the petitioner's direct review concluded and the judgment became final for purposes of Section 2244(d)(1)(A). *See id.* Second, the court must determine whether any properly filed applications for post-conviction or collateral relief were pending during the limitations period, which would toll the statute of limitations pursuant to Section 2244(d)(2). *See id.* Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied based on the facts of the case. *See id.*

In the R&R here, Judge Kelly determined that Ground One and Ground Three of Barger's Petition attacked alleged errors at his trial, so under Section 2244(d)(1)(A) such grounds trigger on the date when Barger's conviction became final, July 8, 2013. (Docket No. 20 at 10). Judge

3

Kelly determined that Ground Four also triggers on that date, to the extent Petitioner was raising it as a substantive claim for relief. (*Id.*). Judge Kelly noted that because the Supreme Court's decision in *Alleyne* was issued on June 17, 2013 (after Barger's trial, but before Barger's conviction became final on July 8, 2013), Ground Two, to the extent it provides a cognizable claim in a federal habeas petition, also triggers on July 8, 2013. (*Id.* at 10-11).

Judge Kelly next determined that the AEDPA's statute of limitations was tolled by the filing of Barger's first PCRA petition on June 21, 2013. (*Id.* at 11). Because that petition was denied on December 18, 2014, and Barger did not appeal that denial, the statute of limitations began to run, at the latest, on January 20, 2015, when the period of time for Petitioner to file an appeal with the Pennsylvania Superior Court lapsed. (*Id.*). Judge Kelly also noted several later filings by Barger: a Motion to Proceed Nunc Pro Tunc on June 2, 2016; a Motion for Habeas Corpus on January 12, 2017; and a second PCRA petition on January 17, 2019. (*Id.*).

The Pennsylvania Post Conviction Relief Act provides, in relevant part:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

42 Pa. C.S.A. § 9545(b)(1)-(2). Pennsylvania courts have adamantly held that such timing provisions are jurisdictional in nature and must be strictly construed. *See Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267-68 (Pa. 2008). Thus, a PCRA trial court is barred from considering a petition that is not filed within one year of the date the conviction it is attacking becomes final, unless the petition falls into one of the three exceptions provided and was filed within one year of the date the claim could have been presented. *See id.; see also Commonwealth v. Fears*, 250 A.3d 1180, 1189 (Pa. 2021), *reconsideration denied* (July 8, 2021).

Judge Kelly explained why none of these later filings tolled the AEDPA's statute of limitations. (Docket No. 20 at 12-13). Judge Kelly noted that the Pennsylvania Superior Court found that Barger's second PCRA petition was untimely and did not fall into one of the enumerated exceptions, and that the petition's dismissal for lack of jurisdiction was affirmed. (*Id.* at 12). Judge Kelly also noted that state court petitions for collateral review do not toll the statute of limitations if they contain defects that implicate that petition's "condition[s] to filing, which go to the application for post-conviction review." (*Id.* (citing *Satterfield v. Johnson*, 434 F.3d 185, 191 (3d Cir. 2006) (internal quotation marks and additional citation omitted)). Applying such standard to Barger's collateral attacks on his conviction after his first PCRA Petition, Judge Kelly found that the state courts lacked jurisdiction to address Barger's second PCRA petition, his Motion to Proceed Nunc Pro Tunc, and his Motion for Habeas Corpus of January 12, 2017. (*Id.* at 13). Thus, Judge Kelly concluded that no filing on the record after the first PCRA petition was "properly filed" under Section 2244(d)(2), so the AEDPA's statute of limitations was not tolled during their pendency. (*Id.*). Accordingly, Judge Kelly determined that the AEDPA's statute of limitations clock ran uninterrupted on all grounds from January 20, 2015 (the date when his right to appeal from the denial of his first PCRA petition lapsed) to October 21, 2020 (the date when the instant

5

Petition is deemed filed) – a total of 2101 days, and far greater than one year.  (*Id.*).  Judge Kelly found that in order for his grounds for relief to have been timely asserted, Barger's Petition would have had to have been filed by January 20, 2016, and it was not, so all grounds for relief in the Petition are untimely based on the one-year period of limitation set forth in Section 2244(d)(1).  (*Id.*)

Judge Kelly next considered whether the limitations period in this case was equitably tolled.  (Docket No. 20 at 14-15).  To establish a basis for equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted).  "Mere excusable neglect is not sufficient," and "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 619 (3d Cir. 1998); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).  Judge Kelly determined that, applying this standard here, there is nothing in the record before the Court that would support the equitable tolling of the AEDPA's statue of limitations in this case.  (Docket No. 20 at 15).

Additionally, Judge Kelly considered whether the AEDPA's statute of limitations could be tolled based on a demonstration of actual innocence.  (Docket No. 20 at 15-16).  While the statute of limitations may be tolled if a petitioner establishes that he is actually innocent of the charges of which he has been convicted, such instances are rare, and a "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (internal quotation marks and citation omitted).  Judge Kelly

noted that Barger here relies on evidence regarding an alleged motivation for the victim to lie about the crimes, but that such evidence was not new and had previously been litigated in a motion *in limine* prior to trial. (Docket No. 20 at 15-16). While the evidentiary ruling limited the use of such evidence, certain relevant testimony was allowed and was presented at trial, and such evidentiary ruling was also addressed by the Superior Court on direct appeal. (*Id.* at 16). Moreover, Judge Kelly indicated that, based on a thorough review of the entirety of the record before the Court, Barger has failed to establish that, in light of new evidence, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt, and that Barger has failed to make a gateway claim of actual innocence to overcome the untimeliness of his Petition. (*Id.*).

In objecting to the R&R, Barger argues that his Petition is not untimely because he is entitled to the exception to the one-year statute of limitations at Section 2244(d)(1)(C), which indicates that the limitation period shall run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." (Docket No. 21 at 2). Barger asserts that the R&R does not address or consider that exception, which he also noted in his Petition. (Docket Nos. 1, ¶ 18; 21 at 1-2). Barger requests that the Court vacate the R&R and make a new decision that considers this exception. (Docket No. 21 at 3).

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify

the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *See id.*

Upon careful *de novo* review of the R&R, Barger's objections, as well as the record in its entirety, the Court concludes that Barger's objections do not undermine the R&R's recommended disposition. In so finding, the Court agrees with Judge Kelly's conclusion that Barger's Petition is untimely. Although Barger asserts in his objections that he is entitled to the exception listed at Section 2244(d)(1)(C), the Court is not persuaded by such argument.

First, the Court notes that upon careful consideration of Barger's objections, while the argument set forth therein is not entirely clear, Barger appears to assert that he is entitled to the application of some sort of retroactivity, based on *Alleyne*. Barger's contention in this regard is not correct, however, since *Alleyne* has never been held to apply retroactively to cases on collateral review. *See, e.g., United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014) (noting that "the Supreme Court has not chosen to apply *Alleyne's* new rule retroactively to cases on collateral review"); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014) (holding that "*Alleyne* cannot be applied retroactively to cases on collateral review"). Furthermore, even if *Alleyne* were to apply retroactively, there would be no change in the outcome of this case with regard to the determination of timeliness. In fact, considerations of *Alleyne* are already "baked in" to the R&R here since, as Judge Kelly indicated in the R&R, Barger's conviction was not yet final when the United States Supreme Court issued its opinion in *Alleyne* on June 17, 2013. (Docket No. 20 at 3 n.2). Moreover, to the extent Barger's objections are based upon his references to the holdings of other federal and state court cases, Barger has provided no other reason showing that he is entitled to the exception to the one-year statute of limitations contained in Section 2244(d)(1)(C).

Therefore, Barger's objections regarding Judge Kelly's recommendation as to the untimeliness of his Petition are overruled.

Thus, after *de novo* review of the Petition and the record in this case, including the R&R and Barger's objections thereto, the Court agrees with Judge Kelly's recommendation that Barger's Petition be denied as untimely filed. Furthermore, the Court agrees with Judge Kelly's recommendation that a certificate of appealability should be denied here, as jurists of reason would not find it debatable whether Barger's Petition was barred by the AEDPA's one-year statute of limitations, or whether he had established his actual innocence or entitlement to equitable tolling. (*Id.*).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 21st day of May, 2025,

IT IS HEREBY ORDERED that Petitioner Marc Andrew Barger's objections (Docket No. 21) to the Report and Recommendation ("R&R") are **overruled**, and the R&R (Docket No. 20) is **adopted** as the Opinion of the Court.

IT IS FURTHER ORDERED that Petitioner Marc Andrew Barger's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Docket No. 1) is **denied**.

IT IS FURTHER ORDERED that a certificate of appealability is **denied**.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Petitioner wishes to appeal from this Order he must file a notice of appeal within 30 days, as provided in Rule 3 of the Federal Rules of Appellate Procedure, with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Petitioner is referred to Rule 22 of the Federal Rules of Appellate Procedure and to 3d Cir.

L.A.R. 22.1 for the timing requirements for applying for a certificate of appealability from the Court of Appeals (available at https://www2.ca3.uscourts.gov/legacyfiles/2011_LAR_Final.pdf).

The Clerk of Court shall mark this case **<u>closed</u>**.


<u>/s/ W. Scott Hardy</u>
W. Scott Hardy
United States District Judge

cc/ecf:    The Honorable Maureen P. Kelly
          Marc Andrew Barger (via U.S. Mail)